# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-691

ALBERT L. WILSON , APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Argued May 15, 2002                              Decided  December 12, 2002 )

*Barton F. Stichman*, with whom *James W. Stewart* (non-attorney practitioner), was on the brief, both of Washington, D.C., for the appellant.

*Erica M. Dornberg,* with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Acting Assistant General Counsel; and *Darryl A. Joe*, Acting Deputy Assistant General Counsel, were on the brief, all of Washington, D.C., for the appellee.

Before KRAMER, *Chief Judge*, and HOLDAWAY[*] and IVERS, *Judges*.

IVERS, *Judge*, filed the opinion of the Court.  HOLDAWAY, *Judge*, filed a concurring opinion.  KRAMER, *Chief Judge*, filed a dissenting opinion.

IVERS, *Judge*:  Before the Court is appellant's application, through counsel, for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA).  28 U.S.C. § 2412.  Appellant is eligible for EAJA fees.  The only issue before the Court is what is to be the hourly billing rate for the non-attorney practitioner who assisted the attorney with the case. Appellant seeks $120 per hour for the non-attorney practitioner while the Secretary argues that the appropriate rate should be $90 per hour.  For the reasons set forth below, the Court finds that, based on the evidence presented in this case, $90 per hour is a reasonable rate for the non-attorney

---

[*] Judge Holdaway participated in the decision on the merits in this case, but retired before the decision could be issued.

practitioner.

## I. FACTS

On January 17, 2001, the Board of Veterans Appeals (Board or BVA) denied the appellant's claim for an increased rating for residual injury from a gun shot wound to the right shoulder, evaluated as 40% disabling. On April 18, 2001, the appellant filed a timely appeal. A joint motion to remand was filed on August 28, 2001. On September 4, 2001, the Court granted the motion and vacated the January 2001 Board decision. On October 4, 2001, the appellant filed an EAJA application. On October 25, 2001, the Secretary, acknowledging that EAJA fees were warranted, filed a response opposing the amount of the fees requested. The Secretary took issue only with the hourly rate sought for the non-attorney practitioner. On December 4, 2001, the appellant filed a reply to the Secretary's opposition. Oral argument took place on May 15, 2002.

### A. Appellant's Evidence

Appellant submitted four affidavits regarding prevailing market rates. In the first affidavit, David Addlestone, of the National Veterans Legal Services Program (NVLSP), asserted that a member of the law firm of Miller & Chevalier stated that it bills its most experienced paralegals at the hourly rate of $125 to $130 per hour. Addlestone Decl. at 1. In the second affidavit, Brian Busey, managing partner of the Washington, D.C. Office of Morrison & Foerster, said that his firm charges between $80 and $175 per hour for legal assistants in Washington, D.C., depending on their level of experience. Busey Decl. at 1. In the third affidavit, Stanley Lechner, a partner in the Washington, D.C., Office of Morgan, Lewis & Bockius, said that his "firm's hourly billing rates for experienced legal assistants in litigation in the Washington office are approximately $125 for legal assistance [sic] with approximately five years of experience." Lechner Decl. at 1. In the fourth affidavit, Ronald Flagg, a partner at Sidley & Austin, stated that his "firm's hourly billing rates for experienced legal assistants in Washington are in the range of $130-155, and at the hourly rate of $100 for entry-level legal assistants." Flagg Decl. at 1.

In the first affidavit, Addlestone also made reference to a survey he had taken regarding billing rates in Washington, D.C., that, he says, "included more than four [those mentioned above] law firms." Reply Brief (Br.) at 6 n.1. However, he did not include the names of firms or number of survey participants. He simply concluded that the "prevailing market rate charged by ... District of Columbia law firms for senior paralegals assisting in federal court litigation exceeds $120 per

hour" and pointed out that such charges could be as high as $250 per hour. Addlestone Decl. at 2.

The appellant has presented substantial evidence of Mr. Stewart's experience in the field of veterans law, including a declaration that he worked for the Disabled American Veterans for 25 years in various positions of responsibility, that he has practiced before the Court as a non-attorney practitioner since 1995, having represented over 200 veterans in that time, that he has participated in preparing newsletters and a report related to veterans law issues, and that he has trained attorneys and non-attorneys in veterans law issues at several seminars. The Court does not doubt Mr. Stewart's considerable expertise and contributions in the field of veterans law; indeed, he may very well be more qualified and competent than many non-attorney practitioners who appear before the Court. Non-attorney practitioners are authorized to practice before this Court if they (1) work under the direct supervision of a bar-admitted attorney, or (2) are employed by an organization chartered by Congress and recognized by the Secretary of Veterans Affairs. U.S. VET. APP. R. 46(b). The Court is "unable to distinguish" between a supervised non-attorney practitioner pursuant to Rule 46(b)(1), as is the case here, and any other supervised non-attorney such as a law student, clerk, or paralegal. *McCracken v. Principi*, 14 Vet.App. 269, 271 (2001).

## B. Secretary's Evidence

The Secretary submitted the Laffey Matrix as evidence of prevailing market rates for this jurisdiction. "The Laffey Matrix was established, and is updated, by the U.S. Department of Justice, to reflect the prevailing market rate for attorneys by years of practice, pursuant to *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part by* 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), *overruled in part on other grounds by Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516 (D.C. Cir.1988)(en banc)." *Covington v. District of Columbia*, 313 U.S. App. D.C. 16, 57 F.3d 1101 (D.C. Cir. 1995). The matrix is "somewhat crude," but it does provide a "useful starting point" for determining fees. *Id*. The matrix provides a framework for attorney and non-attorney compensation for the relevant jurisdiction, while taking into account annual price increases. The United States Court of Appeals for the D.C. Circuit has corroborated its reliability by voicing approval of the matrix. *See Covington* at 1105. The appellant contends that the Laffey Matrix has "attenuated probative value" because it does not consider "the individual's skill, experience, and reputation." Reply Br. at 8.

The Secretary initially submitted the matrix as an errata page on May 7, 2002, one week

3

before oral argument. At oral argument, the Court advised the Secretary that the matrix would be more properly submitted as an addendum (rather than an errata). Subsequently, the Secretary filed an opposed motion for leave to file an addendum on May 17, 2002 (two days after oral argument). The Secretary's motion is granted. The Secretary's addendum contained a copy of the updated Laffey Matrix and a declaration from Daniel Van Horn of the United States Attorney's Office, asserting the reliability of the matrix. Van Horn Decl. at 2.

## II. ANALYSIS

The issue in this case is what is a reasonable hourly rate for the appellant's supervised non-attorney practitioner. For the reasons that follow, we find that, based on the evidence submitted in this case, $90 per hour is a reasonable hourly rate for the non-attorney practitioner. The Laffey Matrix hourly rate was $90 per hour when the appellant began the legal work in question.

The Secretary concedes that the appellant in the present case has met the requirements for an EAJA award. The appellant is a prevailing party, the Secretary's position was not substantially justified, and there are no special circumstances that would make an EAJA award unjust in this case. *Elcyzyn v. Brown*, 7 Vet.App. 170, 174 (1994). Also, as required, the appellant has submitted a statement that his net worth does not exceed $2 million, and he has submitted an itemized billing statement with his application.

"Once it is determined that a claimant is entitled to an EAJA award, the Court still must determine what is a reasonable fee." *Ussery v. Brown*, 10 Vet.App. 51, 53 (1997). The Court can determine a reasonable fee by calculating the "number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate." *Elcyzyn*, 7 Vet.App. at 177.

> The amount of fees awarded ... shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125/hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). That is, the prevailing market rate is the appropriate rate for attorney fees, up to the statutory maximum. Paralegals and other non-attorneys are entitled to the "lower of either the prevailing market rate" or the statutory rate of $125 per hour. *Elcyzyn*, 7 Vet.App. at 181.

4

Contrary to what the dissent asserts regarding whether or not the prevailing market rate or the statutory rate may be supplemented by a cost-of-living allowance (COLA), our reviewing court, the United States Court of Appeals for the Federal Circuit, does not recognize a COLA for non-attorneys, as it does for licensed attorneys. *Levernier Constr., Inc. v. United States*, 947 F.2d 497, 503 (Fed. Cir. 1991). Moreover, it is important to note here that, not only do non-attorneys not warrant a COLA, they do not warrant any compensation at all pursuant to the language of the EAJA statute. We do not believe that the dissent adequately considers this fact.

The Secretary concedes that the appellant's EAJA application reflects a reasonable number of hours. As to the hourly rate, both parties agree that the prevailing market rate should be awarded in this situation. However, both parties dispute what that rate is. The applicant bears the burden of demonstrating that the rate requested is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Once [he] has presented evidence to establish that prevailing market rate, the opposing party has the burden of producing evidence to demonstrate that that market rate is incorrect." *Sandoval v. Brown*, 9 Vet.App. 177, 181 (1996). Not only has the Secretary shown "that the market rate is incorrect," the appellant has also failed to sustain his burden to establish a proper rate. The appellant submitted a survey, and affidavits regarding both billing rates and the non-attorney's experience, as evidence of the prevailing market rate for non-attorneys. He submitted affidavits for only four firms, and included no details regarding the content of the cited survey. Nevertheless, the appellant asserts that this evidence is sufficient to establish, prima facie, that the fees sought were reasonable, in accordance with *Willis v. U.S. Postal Service*, 245 F.3d 1333 (Fed. Cir. 2001). The appellant's affidavits were made in contemplation of a case (*Nehmer v. U.S. Dep't of Veterans Affairs*, 32 F. Supp. 2d 1175 (N.D. CA 1999)) which "involved complex class action trial litigation in a Federal District Court" and is not "comparable to an appeal in this Court involving a single appellant, a single well-defined issue, and pre-record resolution." Secretary's Br. at 8. Furthermore, *Willis* is not applicable here because that case did not concern EAJA, did not involve practice before this Court, and most importantly, did not concern fees for *non-attorney* practitioners. We believe that the evidence proffered by the appellant is probative only as to the rate charged for paralegal services by the four firms mentioned by the appellant. It is not, however, sufficiently probative to provide prima facie evidence of the prevailing market rate or what should be the rate for non-attorney practitioners who practice before this Court.

5

Finally, the appellant asserts that during the past year, on eight separate occasions, the Court accepted appellant's request for $120 per hour for the non-attorney practitioner's services. Reply Br. at 6. In those cases, the Court did order that the fees be paid. Reply Br., Exhibit A, 1-8. In each of the eight cases, the Secretary did not contest the application, and fees were awarded. In this case, the Secretary is contesting the application.

To repeat, the Court "must determine what is a reasonable fee" in an EAJA case. *Ussery*, 10 Vet.App. at 53. In doing so, the Court considers the submissions of both parties and finds that the Laffey Matrix, proffered by the Secretary, is a reliable indicator of fees and is far more indicative of the prevailing market rate in the jurisdiction, particularly as to cases involving fees to be paid by government entities or determined under fee-shifting statutes, than the evidence submitted by the appellant. The Matrix provides a formula, which is simply and usefully constructed, it is applicable to cases in the jurisdiction, and it is commonly used, while the appellant's only evidence is four examples, made in the context of complex litigation unlike any before this Court.

"EAJA is a limited waiver of sovereign immunity." *Cook v. Brown*, 68 F.3d 447, 450 (1995). It "lifts the bar of sovereign immunity for award of fees in suits brought by litigants qualifying under the statute, but does so only to the extent explicitly and unequivocally provided." *Id*. In *Cook*, the United States Court of Appeals for the Federal Circuit held that, under the EAJA, unsupervised non-attorneys admitted to practice before this Court do not merit awards of attorney fees. "Lawyers, as members of a profession, are paid for their expertise and experience gained from years studying in an accredited law school, passing the bar exam, and practicing law." *March v. Brown*, No. 95-7032, 1996 U.S App. LEXIS 973, at *3 (Fed. Cir. Jan. 19, 1996). A non-attorney "may perform the same elements of client representation as a lawyer and operate under the same procedural and ethical rules before the Court of Veterans Appeals" but this does not make him an attorney for EAJA purposes. *Cook*, 68 F.3d at 451. Also, "Congress understood attorney fees to mean fees for representation by persons who are qualified generally to appear as a legal representative in any administrative or judicial proceeding, presumably by virtue of their formal training and licensure in the general practice of law." *Id*. Clearly there are distinctions between the value of attorney and non-attorney work. For example, EAJA fees are only awarded for *attorney-supervised* work. *Cook* 68 F.3d at 450. Even the appellant doesn't seek the same hourly rate for the non-attorney as he does for the attorney. No matter how much experience a non-attorney has, he still lacks the training and

credentials necessary to be a licensed attorney.

The Court has "wide discretion" in the award of EAJA fees. *Chesser v. West*, 11 Vet.App. 497, 501 (1998). The two important limitations on that discretion are the EAJA statutory cap of $125 per hour for attorneys and the requirement that fee awards be "reasonable." 28 U.S.C. § 2412(b). If the Court must award reasonable fees, it may not award *unreasonable* fees. We believe that it is unreasonable to award fees to non-attorneys equal to, or almost equal to, attorney fees.

For attorneys "the EAJA authorizes the award of the lower of either the prevailing market rate or [$125] per hour plus a COLA or other enhancement." *Elcyzyn v. Brown*, 7 Vet.App. at 181; *see also McCracken* and *Sandoval*, both *supra*. "Though the EAJA mentions only *attorney fees*, courts have ruled that work done by attorney-supervised paralegals and law students falls under the EAJA." *Sandoval*, 9 Vet.App. at 181. Presently, paralegals and other non-attorneys are entitled to the "lower of either the prevailing market rate" or the statutory rate of $125 per hour, *Elcyzyn*, 7 Vet.App. at 181, so that they may potentially receive the same fees as attorneys. Awarding EAJA fees for non-attorneys raises the important question of whether attorneys and non-attorneys should be compensated at the same rate. We believe they should not. In addition to the professional training discussed above, attorneys, as a general rule, simply earn substantially more than non-attorneys. One need only look at prevailing market rates to see that. The Laffey Matrix, submitted by the Secretary, shows that attorneys can earn more than four times what non-attorneys earn. The appellant has not submitted evidence showing attorney earnings, but we are confident that he could not produce any figures for non-attorneys (such as paralegals, legal assistants, or law students) that exceed those for attorneys. We believe that the $90 per hour rate for non-attorneys shown in the Laffey Matrix is, as we have pointed out, reasonable.

The appellant argues, and the dissent agrees, that the non-attorney's experience or expertise should be considered in calculating a reasonable fee. However, nothing in the EAJA statute requires that experience be considered in calculating a reasonable fee. Also, notably, the Laffey Matrix considers experience for attorneys but not for non-attorneys. Furthermore, experience obviously cannot be considered in calculating reasonable EAJA fees when the prevailing market rate would be more than the statutory rate of $125 per hour, as is often the case. The Court does not dispute that the non-attorney in this case has valuable experience, but that does not bear on our ability to award fees. We do not feel compelled to award the same compensation to non-attorneys as we do

7

to attorneys.

The dissent asserts that the Court must decide on a "case-by-case basis" what would be a "reasonable" fee. *See Blum v. Stenson*, 465 U.S. 886, 894-96 (1984). In our many EAJA decisions, this Court has in fact considered, on a case-by-case basis, whether or not to include or exclude certain hours claimed based on whether or not we deemed them reasonable. However, in deciding the issue of what is a *reasonable hourly rate* for attorneys, generally the statutory maximum is awarded. Thus, in those cases, there is no "case-by-case determination" of reasonable hourly rates –the applicant simply receives the statutory rate. The determination as to reasonableness goes to the total bill.

As stated above, non-attorneys must be supervised by attorneys to receive EAJA fees. *Cook*, 68 F.3d at 450. Courts, including the Supreme Court, "have approved the inclusion of fees for paralegals, law clerks, and law students, in fee awards under EAJA or analogous fee-shifting statutes, on the theory that their work *contributed to* their supervising attorney's work product." *Id*. at 452 (emphasis added). In this case, the non-attorney work is considered supervised, although the attorney spent a total of one half-hour supervising this litigation. The non-attorney more than contributed to the supervising attorney's efforts, he appears to have done the bulk of the representation himself. This point is not crucial here, but it is worth pointing out how close the present appellant, and perhaps others, comes to being uncompensated. But for the attorney's one half-hour of supervision, this would be an unsupervised, and thus uncompensated representation.

Although it may be within our discretion to create a cap for non-attorney EAJA fees that is lower than that for attorneys, provided of course, that the cap is "reasonable," it is not our intent to do so now. Imposition of a cap on the rate to be paid for supervised non-attorney representation would certainly help lower litigation costs and provide a simpler standard for EAJA awards. One of the advantages cited in allowing compensation for non-attorney work was that the work "could be done effectively by non-attorneys under supervision *for a lower rate*, thereby lowering overall litigation costs." *Cook*, 68 F.3d at 452. A lower cap would provide a simple standard for non-attorney EAJA compensation in the future and eliminate much of the debate over the particular details of each individual case that could end up needlessly delaying judgment. Generally, attorneys are awarded EAJA fees at the statutory rate and there is no further discussion of the hourly rate. A cap on fees for non-attorneys could have the same effect, thus helping to conserve judicial resources.

8

### III. CONCLUSION

Accordingly, upon consideration of the pleadings filed for this appeal, and for the reasons stated herein, the appellant's EAJA application is GRANTED. He is awarded $22.36 for expenses; he is awarded $70.48 for .5 hours at $140.95 per hour for attorney fees; and he is awarded $1,215 for non-attorney practitioner fees for 13.5 hours at $90 per hour, for a total of $1307.84.

HOLDAWAY, *Judge,* concurring: I write separately in the present case simply to emphasize a point alluded to in the principal opinion.

It is significant to note that the Court does not apply a sliding scale of billing rates even to *attorneys* seeking EAJA fees before the Court based on his or her level of experience or expertise. The Court routinely sets the billing rate for attorneys granted fees under the EAJA at the statutory rate of $125 per hour. The relevance of the level of experience of any particular attorney who seeks EAJA fees from the Court is useful only in considering the reasonableness of the *number of hours* for which compensation is sought. *See, e.g. Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983); *Ussery v. Brown*, 10 Vet.App. 51, 53 (1997). As experience is not a factor in determining the billing rate of attorneys seeking compensation under the EAJA, it is likewise inappropriate to consider experience in determining the billing rate of non-attorney practitioners. Further, setting a single billing rate for non-attorney practitioners provides consistency and prevents the squandering of valuable judicial resources, which would occur were the Court to allow parties repeatedly to litigate the issue of the appropriate rate for every non-attorney practitioner seeking fees from the Court. Assuming that each individual has relatively different expertise, it could lead to the absurdity of having a different billing rate for each and every non-attorney practitioner.

KRAMER, *Chief Judge*, dissenting: I disagree with the majority's holding that an hourly rate of $90 for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), for the supervised non-attorney practitioner is reasonable based on the evidence presented here. In addition, I disagree with the majority's statement that this Court has the authority to impose a cap – lower than the $125 statutory cap – on the EAJA hourly rate for all non-attorneys in all cases, because such a restriction is contrary to the statutory command of Congress and to the controlling caselaw.

As to the majority's $90-hourly-rate holding, the appellant requests a rate of $120 per hour

9

for work done by his attorney-supervised non-attorney practitioner. Therefore, the statutory rate cap of $125 is not at issue, and the question before the Court is what is the "prevailing market rate[] for the kind and quality of the services furnished," 28 U.S.C. § 2412(d)(2)(A). The appellant must present evidence to establish that the rate requested, here $120 per hour, is the prevailing market rate for this non-attorney practitioner. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Willis v. United States Postal Serv.*, 245 F.3d 1333, 1337-40 (Fed. Cir. 2001); *Raney v. Fed. Bureau of Prisons*, 222 F.3d 927, 938 (Fed. Cir. 2000) (en banc); *Sandoval v. Brown*, 9 Vet.App. 177, 181 (1996); *see also Covington v. District of Columbia*, 57 F.3d 1101, 1108 (D.C. Cir. 1995). If the appellant does so, the Secretary has the burden to produce evidence that demonstrates that that prevailing market rate is incorrect. *See Willis*, 245 F.3d at 1340-41; *Sandoval*, 9 Vet.App. at 181; *see also Covington*, 57 F.3d at 1109-10. If, in the end, the Court does not have before it adequate evidence of a prevailing market rate, the Court may, in its discretion, use other relevant factors, including its own judgment, to determine the prevailing market rate in regard to a particular case. *See Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1257 (10th Cir. 1998).

In this regard, the appellant presented evidence as to the hourly rate for litigation paralegals at four law firms that appear to be among the largest in the Washington, D.C., area and a statement as to the hourly rate at other unnamed law firms. This evidence does not necessarily reflect the prevailing market rate, in terms of an average or median rate for litigation paralegals in the area, but it does demonstrate that the high end of an hourly rate for paralegals can be in excess of the $125 statutory cap. Moreover, the appellant has provided significant evidence of the extensive experience and expertise of the non-attorney practitioner in this case. *See* EAJA Application, Exhibit D. In addition, I note that, pursuant to Rule 46(b), (d)(3) of this Court's Rules of Practice and Procedure, the capabilities of a non-attorney practitioner admitted to practice before this Court exceed the capabilities of a litigation paralegal. For example, the non-attorney practitioner in this case would be able to present oral argument to this Court, whereas a litigation paralegal could not. Finally, the appellant has presented specific evidence consisting of eight EAJA cases where the Secretary agreed to pay $120 per hour for work done by the same non-attorney practitioner who provided services in this case. *See* Dec. 4, 2001, Reply, Exhibits A, 1-8.

Accordingly, I would conclude that the appellant has presented significant evidence to demonstrate that the "prevailing market rate[] for the kind and quality of the services furnished,"

28 U.S.C. § 2412(d)(2)(A), by this non-attorney practitioner is in excess of $90 per hour.  *See Willis*, 245 F.3d at 1338-42.  The evidentiary burden would thus shift to the Secretary.  *See Sandoval*, 9 Vet.App. at 181.  In response to that burden, the Secretary has belatedly provided the Laffey Matrix, *see Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 371-75 (D.D.C. 1983), *rev'd in part*, 746 F.2d 4 (D.C. Cir. 1984), *overruled in part by Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1524-25 (D.C. Cir. 1988).  Although the majority has stated that its hourly-rate determination is based on the evidence presented in this case, *see ante* at __, slip op. at 1, 4, the determination was not based on all the evidence but only on the Laffey Matrix, which, as explained below, is problematic at best.

As to the majority's embracing this matrix as conclusive of its $90 analysis, I offer the following:  First, the Laffey Matrix is "somewhat crude" and can only provide a useful starting point for this Court's analysis.  *Covington*, 57 F.3d at 1109.  Second, it is an internal document created by the Office of the United States Attorney for the District of Columbia (May 17, 2002, Addendum, Attachment B) and provides the hourly rate that that office would prefer to pay, presumably in order to control the costs of litigation in which it is the losing party.  Third, it does not take into account "the kind and quality of the services furnished," 28 U.S.C. § 2412(d)(2)(A), by the non-attorney practitioner in this case, *see* EAJA Application, Exhibit D (statement regarding experience and expertise of James W. Stewart).  *See Blum*, 465 U.S. at 895 n.11 (holding that prevailing market rate is based on rates prevailing in community for similar services by lawyers of reasonably comparable skill, experience, and reputation); *Willis*, 245 F.3d at 1340; *Raney*, 222 F.3d at 938; *see also Missouri v. Jenkins*, 491 U.S. 274, 286 (1989); *Covington*, 57 F.3d at 1107, 1108.  In that regard and in response to the concurring statement, I note that this Court does, in fact, consider attorney experience and expertise in two circumstances:  (1) Where the "prevailing market rate[] for the kind and quality of services furnished" is below the $125 statutory cap, 28 U.S.C. § 2412(d)(2)(A); *see Blum*, 465 U.S. at 895 n.11; *Elcyzyn v. Brown*, 7 Vet.App. 170, 178-82 (1994); and (2) when the appellant has requested an increase in the statutory cap based on a special factor, *see Pierce v. Underwood*, 487 U.S. 522, 572 (1988).  Fourth, according to the Laffey Matrix itself, the hourly rate has risen from $90 (for June 2000 through May 2001) to $95 (for June 2001 through May 2002).  May 17, 2002, Addendum, Attachment B.  The Secretary requests and the majority employs the $90 per hour rate, although most of the work (10.25 hours out of 13.25 hours) was done after May 2001.

11

It seems to me that, even under the majority's analysis, that post-May 2001 work would qualify for the $95 per hour rate.

Moreover, I note that, although the majority states, purportedly based on *Levernier Constr., Inc. v. United States*, that the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) "does not recognize a cost of living [increase] for non-attorneys, as it does for licensed attorneys," *ante* at __, slip op. at 5, a thorough reading of *Levernier* discloses that the Federal Circuit actually held that a cost-of-living increase cannot be added to the prevailing market rate for either attorneys or paralegals, *Levernier*, 947 F.2d 497, 498, 503-04 (Fed. Cir. 1991). That holding is consistent with the statute and the caselaw that allows a cost-of-living increase to be added only to the statutory cap. Obviously, a prevailing market rate is just that, and it would be a non sequitur to add a cost-of-living increase to it. Under the majority's interpretation of *Levernier*, in essence, fees may be awarded via the EAJA for work done by non-attorneys but not according to the EAJA criteria that require the Court to choose the lower of either the prevailing market rate or the statutory cap (with the possibility of a cost-of-living or special-factor increase), *see Pierce* and *Levernier*, both *supra*; *McCracken v. Principi*, 14 Vet.App. 269, 271-72 (2001); *Sandoval*, *supra*.

As to any possible cap – lower than the $125 statutory cap – on the hourly rate for non-attorneys, I agree that this "Court has wide discretion in the award of attorney fees under the EAJA," *Chesser v. West*, 11 Vet.App. 497, 501 (1998); that discretion, however, is not unfettered. Specifically, the Court must give effect to the plain meaning of the statute, *Gardner v. Derwinski*, 1 Vet.App. 584, 586-87 (1991), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456 (Fed. Cir. 1993), *aff'd*, 513 U.S. 115 (1994), and must comply with the controlling caselaw, both of which clearly support the proposition that "reasonable attorney fees" as applied to non-attorneys (other than expert witnesses, *see* 28 U.S.C. § 2412(d)(2)(A)(i)) are calculated using either the prevailing market rate or the $125 statutory cap plus a cost-of-living or special-factor increase. 28 U.S.C. § 2412(d)(2)(A) ("reasonable attorney fees . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee"); *see Pierce*, 487 U.S. at 571 (holding that hourly rate is based on prevailing market rate but shall not be more than statutory cap plus cost-of-living or special-factor increase); *Levernier*, 947 F.2d at 498, 503-04 (holding that hourly rate for attorneys and paralegals is

12

prevailing market rate or statutory rate of $75 (now $125) per hour plus cost of living or special factor increase, whichever is lower); *McCracken*, 14 Vet.App. at 271-72 (holding that hourly rate for attorney-supervised non-attorneys is lower of (1) prevailing market rate or (2) statutory cap of $125 plus appropriate Consumer Price Index); *Sandoval*, 9 Vet.App. at 181 (same).

In addition, the Court must decide the question of the reasonableness of the hourly rate based on the evidence presented by the parties in the case before it. *See Blum*, 465 U.S. at 894-96 and 895 n.11; *Raney*, 222 F.3d at 938; *Sandoval*, 9 Vet.App. at 181. Thus, any universal restriction on the calculation of the prevailing market rate for non-attorneys is contrary to both statute and caselaw. *See* 28 U.S.C. § 2412(d)(2)(A); *Blum*, *Pierce*, *Raney*, *Levernier*, *McCracken*, *Sandoval*, and *Gardner v. Derwinski*, all *supra*. Admittedly, it would be easier for the Court to have a standard hourly rate to apply in all cases; however, the desire for such an expediency here leads the majority to suggest that it could amend a statute with which it apparently disagrees. This would be judicial activism, not necessary to the consideration of any application, at its most obvious.

In sum, because I disagree with the majority's conclusion that $90 is a reasonable rate based on the evidence presented here and its statement that the Court has the authority to impose a cap – lower than the $125 statutory cap – on the hourly rate for non-attorneys in all cases, I dissent.