# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-691

ALBERT L. WILSON,                                                      APPELLANT,

   V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                    APPELLEE.


Before KRAMER, *Chief Judge*, and FARLEY and IVERS, *Judges*.

## O R D E R

The appellant, through counsel, filed an application for an award of attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The Court issued an opinion on December 12, 2002, awarding attorneys fees in an amount less than was sought by the appellant. *Wilson v. Principi*, 16 Vet.App. 509 (2002). On January 21, 2003, the appellant filed a timely motion for reconsideration by the panel. In essence, he reiterates arguments presented previously in his brief and at oral argument before the Court. "[A] motion for . . . panel [reconsideration] . . . must state the points of law or fact that the party believes the Court has overlooked or misunderstood." U.S. VET. APP. R. 35(e)(1). The Court did not overlook or misunderstand any argument that was properly before it. The appellant has not presented any argument that warrants reconsideration by the panel.

Upon consideration of the foregoing, it is

ORDERED that the motion for a reconsideration by the panel is denied.

DATED:        February 21, 2003                        PER CURIAM.


FARLEY, *Judge*, concurring: A panel of this Court fully considered this matter and rendered a decision. I was not on that panel; I was assigned to this panel upon the retirement of Judge Holdaway and only when a full panel was required to rule on the appellant's motion pursuant Rule 35 of this Court's Rules of Practice and Procedure for reconsideration of that original decision.

The appellant's motion for reconsideration presents us with vehement and articulate disagreement with the decision of the original panel majority, but there is nothing new, no intervening event, no change in law. The essence of the appellant's motion is simply that the original decision was wrong in at least twelve specified respects but the appellant has not identified any "points of law or fact" that the original panel "overlooked or misunderstood." U.S. VET. APP. R. 35(e)(1). In fact, when the majority and dissenting opinions are read together, they demonstrate that

all of the points the appellant identifies in his motion for reconsideration were expressly considered by the panel; some were rejected by the majority, some were embraced by the dissent – but clearly all were considered and understood.

Accordingly, I voted to deny the appellant's motion for reconsideration. Having done so, I also want to emphasize that, irrespective of what I might have decided had I been on the original panel, I believe that there would be something quite untoward in a panel decision being reconsidered on account of the serendipitous substitution of a new judge for a member of the original panel. A change in circumstances, fact, or law, not a merely change in judge, should be required for this Court to reconsider and perhaps overturn a panel decision under Rule 35.

KRAMER, *Chief Judge*, dissenting: For the reasons stated in my dissent to the December 12, 2002, panel opinion in this case (*see Wilson v. Principi*, 16 Vet.App. 509, 515-18 (2002) (Kramer, C.J., dissenting)), I voted to grant the appellant's motion for reconsideration by the panel.