**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 01-501

Daniel E. Abbey,                                                    Appellant,

   v.

Anthony J. Principi,
Secretary of Veterans Affairs,                        Appellee.


Before KRAMER, *Chief Judge*, and IVERS and STEINBERG, *Judges.*

**O R D E R**

On January 17, 2002, the appellant, through counsel, filed an application for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). On April 25, 2002, the Court issued an order in this case staying proceedings pending disposition of *Wilson v. Principi*, U.S. Vet. App. No. 01-691 (Notice of Appeal filed Mar. 19, 2001), which was decided on December 12, 2002. *Wilson*, 16 Vet.App. 509, 515 (2002), *mot. for recons. denied*, 17 Vet.App. 19 (2003) (per curiam order). In *Wilson*, the Court determined, based on the evidence presented there, that $90 per hour was the prevailing market rate in that case for the work of the appellant's non-attorney practitioner, James Stewart, and awarded attorney fees based on that rate for his work. *Wilson*, 16 Vet.App. at 514-15. On December 20, 2002, the Court ordered the appellant and the Secretary in the instant case each to file a memorandum explaining "why the prevailing market rate in this case should not be $90 per hour" for the work of Mr. Stewart in this case. *Abbey v. Principi*, 16 Vet.App. 543, 544 (2002) (per curiam order). The appellant filed his memorandum on January 21, 2003 and the Secretary filed his response on March 14, 2003. The appellant filed a reply to the Secretary's response on March 24, 2003.

The Veterans Benefits Act of 2002, Pub. L. No. 107-330, 116 Stat. 2819, 2833 (2002) (VBA), which was enacted on December 6, 2002, includes in section 403 authority for the Court under the EAJA "to award fees and expenses, in an amount determined appropriate by the United States Court of Appeals for Veterans Claims, of individuals admitted to practice before the Court as non-attorney practitioners . . . ." VBA § 403 was not addressed in the Court's *Wilson* opinion or in the supplemental memoranda filed by the parties in the instant case. Furthermore, in the instant case the appellant submitted, as attachments to his January 2003 memorandum, additional evidence concerning the billing rates for paralegals in private law firms that was not before the Court at the time of its December 12, 2002, *Wilson* opinion.

In light of the above, the Court requires supplemental action from the parties on the following matters:

(1) Submission of supplemental briefing on the significance of VBA § 403 in terms of the Court's authority to award EAJA fees for the work of (a) Mr. Stewart in this case and (b) non-attorney practitioners in general, including whether the Court is authorized to establish its own fee schedule for the work of such practitioners; and

(2) Submission of supplemental briefing and supporting evidence regarding (a) the extent to which Mr. Stewart's employer is comparable to the large private law firms from which affidavits regarding the prevailing market rate have been submitted by the appellant in this case in support of his requested hourly EAJA rate for Mr. Stewart's work and (b) the extent to which Mr. Stewart's employer is comparable to any other firm or entity providing legal representation and the prevailing market rate at which the work of non-attorney representatives and/or paralegals is billed for at such a firm or entity.

Upon consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file, and serve on the Secretary, a supplemental memorandum of law regarding the matters set forth above. It is further

ORDERED that, not later than 30 days after service of the appellant's supplemental memorandum, the Secretary file, and serve on the appellant, a supplemental memorandum in response.

DATED: May 1, 2003                                        PER CURIAM.