This version includes the errata dated 19May03 - e

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-374

SAMUEL CORA-RIVERA,                                        APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                             APPELLEE.

Before KRAMER, *Chief Judge*, and IVERS and STEINBERG, *Judges.*

IVERS, *Judge*, filed a dissent.

## O R D E R

The appellant, through counsel, filed an application for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On February 6, 2003, the Court, applying *Wilson v. Principi*, 16 Vet.App. 509, 514-15 (2002), granted the application. On February 27, 2003, the appellant filed a motion for a panel decision because he did not receive the hourly EAJA rate that he had requested for the work of his non-attorney practitioner. On March 13, 2003, the appellant filed a motion to stay proceedings pending a decision in *Abbey v. Principi*, U.S. Vet. App. No. 01-501 (Notice of Appeal filed March 19, 2001). He "specifically seeks a stay regarding the adjudication of [his] Rule 35 motion for [a] panel decision with regard to the [o]rder of February 6, 2003, filed in this case on February 27, 2003." Motion at 1.

A "decision of this Court, unless or until overturned ..., is a decision of the Court on the date it is issued; any rulings, interpretations, or conclusions of law contained in such a decision are authoritative and binding as of the date the decision is issued." *Tobler v. Derwinski*, 2 Vet.App. 8, 14 (1991). However, an appellant may move for a panel decision in a case decided by a single judge if the motion is made within 21 days of that decision. *See* U.S. VET. APP. R. 35(b), (d)(1). Furthermore, "[a] motion for a panel decision will be referred to a panel." U.S. VET. APP. R. 35(g). The case having been submitted to a panel, the panel now decides that it will stay proceedings in this case pending disposition of *Abbey, supra*, because the appellant's non-attorney practitioner is the same in both cases and the EAJA pleadings are substantially similar.

Upon consideration of the foregoing, it is

ORDERED that the appellant's motion to stay proceedings is granted. It is further

ORDERED that, not later than 30 days after this Court's disposition of *Abbey, supra*, the appellant file and serve on the Secretary a memorandum addressing the resolution of that proceeding as it pertains to the instant matter. It is further

ORDERED that, not later than 30 days after service of the appellant's memorandum, the Secretary file and serve on the appellant a memorandum addressing the resolution of *Abbey, supra*, as it pertains to the instant matter and responding to the appellant's memorandum.

DATED: May 8, 2003                                  PER CURIAM.


IVERS, *Judge*, dissenting: As the Court noted in its February 6 order, the issue and representatives are the same in this case as in *Wilson v. Principi*, 16 Vet.App. 509 (2002). The appellant asks that we hold the decision in this case pending *Abbey v. Principi*, U.S. Vet. App. No. 01-501 (Notice of Appeal filed March 19, 2001), because new submissions of evidence in *Abbey* somehow change the result reached by the *Wilson* panel. The appellant in *Abbey* has merely submitted more of the same affidavits: statements regarding billing rates for paralegals by lawyers at some of the top private law firms in Washington, D.C. This evidence is inapposite.

Because I believe that this issue has been resolved satisfactorily in *Wilson*, I do not agree that this case should be stayed pending *Abbey*. I respectfully dissent.