**This version includes the errata dtd 29Sep03 - 3**

## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-2083 (E)

ROGER D. PENTECOST, APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided    September 24, 2003  )

*Barton F. Stichman, Nancy Foti*, and *James W. Stewart* (non-attorney practitioner), all of Washington, D.C.,  were on the pleadings for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Kathy A. Banfield*, Acting Deputy Assistant General Counsel; and *Gary E. O'Connor*, all of Washington, D.C., were on the briefs for the appellee.

Before FARLEY, IVERS, and STEINBERG*, Judges*.

IVERS, *Judge*: Before the Court is the appellant's application for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA)*,* 28 U.S.C. § 2412(d)(1)(A).  For the reasons set forth below, the Court will grant the appellant's EAJA application.

## I.  BACKGROUND

On May 24, 2002, the Court, in an opinion by a three-judge panel, reversed the July 26, 2000, Board of Veterans' Appeals (BVA) decision on appeal and remanded the matter for proceedings consistent with the opinion. *See Pentecost v. Principi*, 16 Vet.App. 124 (2002).  On September 13, 2002, the appellant filed, through counsel, an application for an award of attorney fees

and expenses under the EAJA, 28 U.S.C. § 2412(d), in the amount of $4,974.57. On October 10, 2002, the Secretary filed a response. The appellant filed a reply on February 10, 2003.

"The Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F)." *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc). The appellant's EAJA application satisfies all jurisdictional and content requirements. *See* 28 U.S.C. § 2412(d)(1)(B); *Cullens*, *supra*. The appellant's EAJA application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and satisfied any EAJA jurisdictional content requirements that apply because the application contained the following: (1) A showing that, by virtue of the Court's remand, he is a prevailing party within the meaning of the EAJA; (2) a showing that he is a party eligible for an award under the EAJA because his net worth does not exceed $2,000,000; (3) an allegation that the position of the Secretary was not substantially justified; and (4) an itemized fee statement. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Thayer v. Principi*, 15 Vet.App. 204, 207 (2001).

## II. ANALYSIS

The sole disputed issue before the Court is the following: What is a reasonable hourly rate for the supervised non-attorney practitioner in this case? In his response to the appellant's EAJA application, the Secretary does not contest that the appellant is a prevailing party, that the Secretary's position was not substantially justified, nor does he allege that there are special circumstances which would make an award unjust. The Court agrees. "Once it is determined that a claimant is entitled to an EAJA award, the Court still must determine what is a reasonable fee." *Ussery v. Brown*, 10 Vet.App. 51, 53 (1997). The sole issue challenged by the Secretary is the requested rate of $120 per hour for the 34.25 hours of non-attorney practitioner time claimed in the appellant's EAJA application. The Secretary does not contest the total amount of hours requested, nor does he challenge the requested rate of $140.06 per hour for the 6.00 hours of attorney time claimed. He asks the Court to calculate the 34.25 hours of non-attorney time at the rate of $90 per hour.

The applicant bears the burden of demonstrating that the rate requested is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Court can determine a reasonable fee by calculating the "number of hours reasonably spent on the litigation multiplied by a reasonable hourly

rate." *Elcyzyn v. Brown*, 7 Vet.App. 170, 177.

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125/hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). Thus, the prevailing market rate is the appropriate rate for attorney fees, up to the statutory maximum. Under *Sandoval v. Brown*, paralegals, law students, and non-attorney practitioners are entitled to the lower of the prevailing market rate or the statutory rate of $125 per hour. *Sandoval*, 9 Vet.App. 177, 181 (1996); *see also Cook v. Brown*, 68 F.3d 447 (Fed. Cir. 1995). Recently, Congress enacted section 403 of the Veterans Benefits Act of 2002 (VBA), Pub. L. No. 107- 330, § 403, 116 Stat. 2820, 2833 (2002). Section 403 of the VBA states:

> The authority of the United States Court of Appeals for Veterans Claims to award reasonable fees and expenses of attorneys under section 2412(d) of title 28, United States Code, shall include authority to award fees and expenses, in an amount determined appropriate by the United States Court of Appeals for Veterans Claims, of individuals admitted to practice before the Court as non-attorney practitioners under subsection (b) or (c) of Rule 46 of the Rules of Practice and Procedure of the United States Court of Appeals for Veterans Claims.

"The starting point in interpreting a statute is its language, for 'if the intent of Congress is clear, that is the end of the matter.'" *Cacatian v. West*, 12 Vet.App. 373, 376 ( 1999) (quoting *Gardner v. Brown*, 5 F.3d 1456 (Fed.Cir. 1993)). The language of section 403 is unambiguous: the words in the plain text of the statute leave little room for judicial interpretation. *Cf. Roberson v. Principi*, __ Vet.App. __, __, No. 97-1971, slip op. at 5-12 (June 3, 2003) (discussion of statutory language and legislative history of section 401 of the VBA). Under the clear language of section 403 the Court is now authorized to award fees and expenses to non-attorney practitioners in their own right in an amount determined appropriate by the Court.

The Senate Committee on Veterans' Affairs' discussed section 503 of S. 2237, subsequently enacted without change as section 403 of the VBA, as follows:

*Background*

Currently, VA claimants who enlist the aid of attorneys and non-attorney practitioners supervised by attorneys, and who are successful in their claims and satisfy certain statutory requirements, can avail themselves of the benefits of the [EAJA]. . . . In the case of VA claims, claimants are often represented up to and through CAVC by qualified non-attorney representatives from the VSOs [that is, veterans service organizations].

Based upon a long-standing limitation on paying attorney fees in veterans' benefits cases, there had not been an active veterans' bar until enactment of the Veterans Judicial Review Act, Public Law 100-527. As a result, non-attorney volunteers and employees of veterans service organizations and other non-profit organizations began to represent veteran claimants before VA without direct supervision by an attorney. VA policy has never required that these representatives be attorneys, only that they be credentialed by a VA-recognized VSO. *Currently, these non-attorney practitioners, who have been credentialed by VSOs and admitted to practice before CAVC, are not eligible for EAJA fees unless the EAJA application is signed by an attorney.*

*Committee Bill*

Section 503 would allow VSOs to be awarded fees under the EAJA for representation provided to VA claimants by their employee non-attorney practitioners *without the requirement that attorney to [sic] sign the EAJA application.*

S. Rep. No. 107-234, at 19 (2001) (emphasis added). The explanatory statement of the Committees on Veterans' Affairs on the legislation describes section 403 of the VBA as follows:

*Current law*

Currently section 2412(d) of title 28, United States Code, the Equal Access to Justice Act ("EAJA"), shifts the burden of attorney fees from the citizen to the government in cases where the government's litigation position is not substantially justified and the citizen qualifies under certain income and asset criteria. *Qualified non-attorney practitioners admitted to practice before the CAVC may only receive fees if the EAJA application is signed by an attorney.*

*Senate Bill*

Section 503 of S. 2237 *would allow qualified non-attorney to be awarded fees under the EAJA* for representation provided to VA claimants by their employee non-attorney practitioners *without the requirement that an attorney sign the EAJA.*

*House Bill*

The House Bills contain no comparable provision.

*Compromise agreement*

Section 403 of the Compromise Agreement follows the Senate language. The Committees expect that in determining the amount of reasonable fees

4

> payable to non-attorney practitioners, the Court will apply the usual rules applicable to fees for the work of other non-attorneys such as paralegals and law students based upon the prevailing market rates for the kind and quality of the services furnished. 28 U.S.C. § 2412(d)(2)(A). *See Sandoval v. Brown*, 9 Vet.App. 177, 181 (1996).

148 CONG. REC. S11338, H9006 (emphasis added except in headings or case citations). A further review of the plain language of the statute and the legislative history of section 403 of the VBA makes clear that Congress intended that non-attorney practitioners be awarded fees in their own right.

The enactment of section 403 of the VBA requires a different outcome from that in *Wilson v. Principi*, 16 Vet.App. 509 (2002), where this Court determined an appropriate rate for Mr. Stewart's representation by reference to the rates charged for paralegal services. The non-attorney practitioners who appear before us are unique and section 403 of the VBA directs that the Court treat them as such. While it is true that non-attorney practitioners are not attorneys, it is equally true that the non-attorney practitioners who practice before this Court are not paralegals. A key distinction is that the former provides client representation whereas the latter does not. Non-attorney practitioners "practice"–they represent clients before this Court. In that particular respect, they are more akin to attorneys than they are to paralegals.

We cannot, in the exercise of common sense, order that non-attorney practitioners be compensated as attorneys, but neither is their compensation to be limited by the prevailing market rate for paralegals. *See Wilson, supra.* Attorneys in this jurisdiction generally charge much more than $125 per hour but the EAJA places a cap of $125 (plus the cost of living (COL) increase) on their hourly rate.

The VBA grants the Court the "authority to award fees and expenses, in an amount determined appropriate" by the Court for non-attorney practitioners. The ability to award fees "in an amount determined appropriate" grants the Court broad discretion in determining what would constitute a reasonable fee for a particular non-attorney practitioner. In exercising that discretion, the Court may consider a non-attorney practitioner's level of experience and expertise. Mr. Stewart has submitted two affidavits recounting his extensive experience in veterans law and as a non-attorney practitioner before this Court. He has represented over 200 appellants before this Court after spending over 25 years serving as a national service officer for the Disabled American

5

Veterans. Given his extensive experience in veterans law, the request that the services of James Stewart, the non-attorney practitioner in this case, be valued at $120 per hour (without COL) is reasonable, more than the cost of paralegal services but less than the amount charged by attorneys, and in keeping with the $125 cap imposed by Congress on attorney fees. *See Abbey v. Prinicipi*, __, No. 01-501(E) (September 24, 2003). The Court notes that not all non-attorney practitioners would possess Mr. Stewart's impressive credentials and thus, in other cases, a $120 per hour rate may not be reasonable or appropriate under VBA section 403.

### III. CONCLUSION

Accordingly, upon consideration of the pleadings filed for this appeal, and for the reasons stated herein, the appellant's EAJA application is GRANTED. He is awarded $24.10 for expenses; he is awarded $840.36 for 6.00 hours at $140.06 per hour for attorney fees; and he is awarded $4,110.00 for non-attorney practitioner fees for 34.25 hours at $120 per hour, for a total of $4,974.46.

6