# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-1008(E)

CHARLES F. EVINGTON, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided     September 13, 2004     )

*Barton F. Stichman*, *Nancy L. Foti*, and *James W. Stewart* (nonattorney practitioner), all of Washington, D.C., were on the pleadings for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Carolyn F. Washington*, Deputy Assistant General Counsel; and *Richard Mayerick*, all of Washington, D.C., were on the pleading for the appellee.

Before IVERS, STEINBERG, and GREENE, *Judges*.

STEINBERG, *Judge*: Before the Court is the appellant's January 9, 2004, application, filed through counsel, for attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). The Secretary filed a response, and the appellant filed a reply thereto. For the reasons set forth below, the Court will grant the appellant's application.

## I. Background

The appellant, through attorneys Barton F. Stichman and Nancy L. Foti, and nonattorney-practitioner James W. Stewart, previously sought review of a March 7, 2003, Board of Veterans' Appeals (BVA) decision that denied his claim for an increased rating for Department of Veterans Affairs (VA) service-connected residuals of a shell-fragment wound of the left flank with a compound comminuted fracture of the ilium, rated as 20% disabling. On December 4, 2003, the

parties filed a joint motion to terminate based on a stipulated agreement. *See* U.S. VET. APP. R. 42. Judgment was issued and the mandate was entered on December 11, 2003. By the terms of the stipulated agreement, the appellant was granted an increased rating to 50%, effective from July 1, 1971, under 38 C.F.R. § 4.73, Diagnostic Code 5317 (2002).

In January 2004, the appellant filed an EAJA application seeking $4,124.76 in attorney fees and expenses. Application (Appl.) at 1. He calculates the requested amount based on (1) 30.5 hours, at a rate of $126.73 per hour, spent by the senior litigation paralegal, Mr. Stewart, who is employed by the National Veterans Legal Services Program (NVLSP) and is admitted to practice before this Court as a nonattorney practitioner; (2) 1 hour spent by attorney Foti, a member of the Court's bar, at a rate of $148.45 per hour; (3) .5 hour spent by attorney Stichman, a member of the Court's bar, at a rate of $148.45 per hour; and (4) expenses in the amount of $36.81. Appl. at 5-6. Mr. Stewart's requested hourly rate was calculated "by adding the increase in the Consumer Price Index for All Urban Consumers [(CPI-ALL)] for the Washington, D.C., area since June 2001 to [the] $120 per hour" rate that this Court has previously approved for Mr. Stewart in *Abbey v. Principi*, 17 Vet.App. 282 (2003), and *Pentecost v. Principi*, 17 Vet.App. 257 (2003). Appl. Exhibit (Exh.) D. Attached to the EAJA application are, inter alia, affidavits from representatives of three Washington, D.C., law firms stating that the prevailing market rate for experienced and specialized paralegals ranges from $130 to $250 per hour. Appl. Exhs. F, G, H.

The Secretary "concedes that [the] appellant is a 'prevailing party[]'" and that the Secretary's position was not 'substantially justified.'" Response (Resp.) at 1. The Secretary asserts that Mr. Stewart should be awarded, instead of the $126.73-per-hour fee requested, a $120-per-hour fee based on the Court's opinions in *Abbey* and *Pentecost*, both *supra*; the Secretary argues that a cost-of-living adjustment (COLA) is not available for Mr. Stewart because the opinion of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Levernier Construction, Inc. v. United States*, 947 F.2d 497 (Fed. Cir. 1991), "rejected a COLA . . . [for] the statutory rate paid to paralegals." Resp. at 2.

In reply, the appellant argues that the Federal Circuit did not hold that a paralegal could never be compensated under the EAJA at a rate exceeding the statutory maximum, but "actually held that a [COLA] cannot be added to the ***prevailing market rate*** for either attorneys or paralegals." Reply

at 8 (emphasis added). Alternatively, he contends that, even if the Secretary were correct in his interpretation of *Levernier*, this Court is not precluded from permitting a COLA to be applied to the statutory maximum for a nonattorney practitioner because, in accordance with section 403 of the Veterans Benefits Act of 2002 (VBA), Pub. L. No. 107-330, § 403, 116 Stat. 2819, 2833, the Court is authorized "to award fees for non[]attorney practitioners 'in an amount determined appropriate by' th[e] Court." Reply at 8-9.

## II. Analysis

### A. Eligibility for Award

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F). Here, the appellant's January 2004 EAJA application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and satisfies the EAJA "application-content specifications", *Scarborough v. Principi*, ___ U.S. __, __, No. 02-1657, slip. op. at 11, 2004 WL 938027, at *9 (May 3, 2004), because the application contained the following: (1) A showing that, by virtue of the Court's remand, he is the prevailing party within the meaning of the EAJA; (2) a showing that he is a party eligible for an award under the EAJA because his net worth does not exceed $2,000,000; (3) an allegation that the position of the Secretary was not substantially justified; and (4) an itemized fee statement. 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc) (listing four EAJA-application content requirements).

As to prevailing-party status, this Court stated in *Rollins v. Principi*:

> In order to receive an EAJA award, an EAJA applicant must be a prevailing party. *See* 28 U.S.C. § 2412(d)(1)(A) ("court shall award to a prevailing party . . . fees and other expenses"); *Briddell* [*v. Principi*, 16 Vet.App. 267, 271 (2002)]: *Sumner* [*v. Principi*, 15 Vet.App. 256, 260-61 (2001) (en banc), *aff'd sub nom. Vaughn v. Principi*, 336 F.3d 1351 (Fed. Cir. 2003)]: *Cullens*, [*supra*]. The appellant has the burden of demonstrating prevailing-party status under the EAJA. *See Sumner, Briddell*, and *Cullens*, all *supra*. Prevailing-party status arises in either of two ways. The first is through a direction of the Court, evident within the terms of the particular Court decision upon which the appellant is basing the EAJA application, for VA to award VA benefits to the appellant.

> *Sumner*, 15 Vet.App. at 264-65. The second is through the grant of a merits-stage Court remand that was predicated upon administrative error. *Ibid.* In order for a remand to have been predicated upon administrative error, the remand must either (1) have been directed in a Court opinion, decision, or order that contained a Court recognition of administrative error or (2) have been granted on the basis of a concession of error by the Secretary. *McCormick* [*v. Principi*, 16 Vet.App. 407, 411 (2002)]; *Briddell*, 16 Vet.App. at 271-72. The Court will not "investigate at the EAJA prevailing-party stage the validity, type, or nature of the administrative error." *McCormick*, [*supra*].

*Rollins*, 17 Vet.App. 294, 298 (2003).

In the instant case, the Secretary concedes that the appellant is a prevailing party; furthermore, because the Court's December 11, 2003, termination order was predicated on the parties' December 2003 joint motion to terminate the appeal in accordance with the terms of the settlement agreement, including the Secretary's consent to assign the appellant an increased rating of 50% for his service-connected residuals of a shell-fragment wound, the Court holds that the appellant is a prevailing party for EAJA purposes by virtue of the "award [of] VA benefits to the appellant", *Rollins*, *supra*. *See* 28 U.S.C. § 2412(d)(1)(A); *Buckhannon Board & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 604 (2001) (noting that prior caselaw "establish[es] that enforceable judgments on the merits and [settlement agreements enforced through] court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees" (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989))); *Sumner* and *McCormick*, both *supra*; *Cullens*, *supra* (concluding that Secretary did not contest that appellant was a prevailing party and "agree[ing] that pursuant to the terms of the settlement, the appellant is a prevailing party").

Moreover, the Secretary concedes that his position was not substantially justified. Resp. at 1; *see McCormick*, 16 Vet.App. at 412 (determining that, "[u]nder the EAJA, the Secretary has affirmative defenses to a fee award, one of which is to demonstrate that his position at both the administrative (BVA) and litigation (Court) stages was 'substantially justified'"); *Cullens*, *supra* (noting that "[o]nce an appellant has alleged a lack of substantial justification, the burden shifts to the Secretary to prove that VA was substantially justified in its administrative and litigation

positions"). Because substantial justification is an affirmative defense to be raised by the Secretary, the Court need not address whether the Secretary's position was "substantially justified" when the Secretary does not assert such a defense. *See Cook v. Brown*, 6 Vet.App. 226, 237 (1994) (holding that Court need not address whether Secretary's position was "substantially justified" when Secretary did not assert such a defense but expressly conceded that issue), *aff'd*, 68 F.3d 447 (Fed. Cir. 1995); *see also Abbey*, 17 Vet.App. at 288 (applying *Cook*, *supra*); *Calma v. West*, 12 Vet.App. 66, 68-69 (1998); *Shaw v. Gober*, 10 Vet.App. 498, 501 (1997). Based on the foregoing, the Court concludes that the appellant is entitled to an award of EAJA fees.

## B. Reasonableness of Fee Request

The only remaining question in this appeal is whether $126.73 is an appropriate hourly rate for Mr. Stewart's work as a nonattorney practitioner in this matter. Generally, "[t]he Court has wide discretion in the award of attorney fees under the EAJA." *Chesser v. West*, 11 Vet.App. 497, 501 (1998). For work performed by an attorney, fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). In *Sandoval v. Brown*, the Court considered whether EAJA fees could be awarded for work done by an attorney-supervised law student. *Sandoval,* 9 Vet.App. 177 (1996). In deciding in the affirmative, the Court held that the appropriate hourly rate for paralegals, law clerks, and law students was the prevailing market rate for such services, or the then-statutory cap of $75 per hour as established by 38 U.S.C. § 2412(d)(2)(A), plus COLA, whichever was lower. *Id.* at 181 (citing *Elcyzyn v. Brown*, 7 Vet.App. 170, 181 (1994)). Several years later, the Court also held that the work of attorney-supervised nonattorney practitioners is "compensable under the EAJA at an appropriate rate". *McCracken v. Principi*, 14 Vet.App. 269, 274 (2001) (citing *Sandoval*, 9 Vet.App. at 181). The Court stated in *McCracken* that "the appropriate hourly rate for such fees is either the prevailing market rate for such services or the rate set forth in 28 U.S.C. § 2412(d)(2)(A), adjusted by the applicable [COLA], 'whichever is lower'." *McCracken*, at 272 (quoting *Sandoval, supra*); *cf. Levernier, supra*.

5

VBA § 403 provides:

> The authority of the United States Court of Appeals for Veterans Claims to award reasonable fees and expenses of attorneys under section 2412(d) of title 28, United States Code, shall include authority to award fees and expenses, ***in an amount determined appropriate by the United States Court of Appeals for Veterans Claims***, of individuals admitted to practice before the Court as non[]attorney practitioners under subsection (b) or (c) of Rule 46 of the Rules of Practice and Procedure of the United States Court of Appeals for Veterans Claims.

VBA § 403 (emphasis added). This provision empowers the Court to award fees "in an amount determined appropriate" to nonattorney practitioners admitted to practice before this Court under Rule 46(b) and (c). *See Abbey*, 17 Vet.App. at 290; *Pentecost*, 17 Vet.App. at 259; U.S. VET. APP. R. 46(b), (c). In section 403, Congress recognized that the nonattorney practitioners who practice before this Court are "unique and . . . more akin to attorneys than they are to paralegals." *Pentecost*, 17 Vet.App. at 260; *see Abbey*, 17 Vet.App. at 292 (concluding that "section 403 itself constitutes a recognition of the special role of nonattorney practitioners who practice before the Court"). The Committees on Veterans' Affairs stated in their Explanatory Statement regarding the final version of VBA § 403:

> The Committees expect that in determining the amount of reasonable fees payable to non[]attorney practitioners, the Court will apply the usual rules applicable to fees for the work of other non[]attorneys such as paralegals and law students based upon the prevailing market rates for the kind and quality of the services furnished. 28 U.S.C. § 2412(d)(2)(A). *See*[] *Sandoval*[,] 9 Vet.App. [at] 181[.]

148 CONG. REC. S11338 (daily ed. Feb. 18, 2002); 148 CONG. REC. H9006-07 (daily ed. Feb. 14, 2002) [hereinafter Explanatory Statement].

Applying section 403 in *Abbey* and *Pentecost*, the Court held that $120 per hour was a reasonable and appropriate rate for Mr. Stewart's work in those matters. *Abbey*, 17 Vet.App. at 292 (holding $120 "'reasonable' and 'appropriate' based on [Mr. Stewart's] reputation, skill, and special expertise and qualifications as an experienced advocate in veterans law"); *Pentecost*, 17 Vet.App. at 260-61 (stating that "[w]e cannot, in the exercise of common sense, order that non[]attorney practitioners be compensated as attorneys, but neither is their compensation to be limited by the

6

prevailing market rate for paralegals"). The Court did not state in either opinion whether the $120 rate was considered the prevailing market rate or a cap comparable to the $125-per-hour (plus COLA) attorney-fee rate established by the EAJA. Nor was the issue before the Court as to whether the hourly rate of a nonattorney practitioner could be augmented by a COLA. *See Pentecost*, 17 Vet.App. at 261 (holding that "[g]iven his extensive experience in veterans law, the request that the services of James Stewart, the non[]attorney practitioner in this case, be valued at $120 per hour (without COL[A]) is reasonable"); *see also Abbey*, 17 Vet.App. at 292.

The Secretary asserts that *Levernier, supra*, is controlling of the fee-rate outcome here and that the Court thus should deny the use of a COLA in connection with the computation of a reasonable and appropriate fee for Mr. Stewart's nonattorney-practitioner work. Resp. at 2. In *Levernier*, the Federal Circuit held that "although the EAJA allows for the recovery of paralegal fees . . . neither the cap on [EAJA] fees nor the fees themselves may be augmented by a COLA." *Levernier,* 947 F.2d at 503. *Levernier*, however, did not consider EAJA fees for those individuals in the unique role of nonattorney practitioners, such as Mr. Stewart, and was decided prior to the enactment of VBA § 403. Moreover, in *Levernier* the prevailing market rate for the paralegal work in question was lower than the then $75-per-hour EAJA cap on attorney fees; hence, the paralegal rate awarded there was required to be the prevailing market rate, as to which it is indisputable that a COLA does not attach. *See Levernier,* 947 F.2d 503-04 (citing *Hirschey v. FERC*, 777 F.2d 1, 5 (D.C. Cir. 1985)). Finally, nothing in *Levernier* would limit this Court's authority to award a fee premised on a prevailing market rate for a nonattorney practitioner's work. Therefore, *Levernier* is not dispositive of the issue in the present case.

As previously noted, the Court has wide discretion in awarding fees under the EAJA, s*ee Chesser, supra, and,* by virtue of VBA § 403, has wide discretion in awarding EAJA fees for the work of nonattorney practitioners, *see Abbey*, 17 Vet.App. at 290-91 (stating that VBA § 403 "provides this Court with wide discretion in determining what fee is 'appropriate' for the work of a particular non[]attorney practitioner"); *Pentecost*, 17 Vet.App. at 261 (VBA § 403 "grants the Court broad discretion in determining what would constitute a reasonable fee for a particular non[]attorney practitioner"). In determining a reasonable and appropriate fee for Mr. Stewart in this case, the Court must balance precedent and law instructing that nonattorney practitioners in the unique veterans

7

benefits system are more akin to attorneys than they are to paralegals, *see* VBA § 403; *Abbey*, 17 Vet.App. at 292*; Pentecost*, 17 Vet.App. at 260, with the recognition that generally nonattorney practitioners are not the equivalent of attorneys and compensating them in a manner comparable to paralegals is not, per se, unreasonable, *see Abbey* and *Pentecost,* both *supra*; Explanatory Statement, *supra.* In light of the Court's broad discretion, and because the nonattorney-practitioner work was performed from April 2003 to December 2003 in the instant case, as compared to the January 2001-to-January 2002 and the September 2000-to-September 2002 work periods in *Abbey* and *Pentecost*, respectively, and in light of the appellant's uncontested evidence that the prevailing market rate for experienced paralegals in Washington, D.C., is anywhere from $130 to $250 per hour and that Mr. Stewart is highly experienced in the practice of veterans benefits law, the Court holds that the fee rate of $126.73 per hour requested by the appellant is reasonable and appropriate as a prevailing market rate for Mr. Stewart's nonattorney-practitioner work during the time period involved in this case. *See Abbey, Pentecost, Sandoval,* and *Elcyzyn*, all *supra*. We are not called upon by the rate requested for Mr. Stewart's work in this case to determine whether a nonattorney practitioner can be compensated at the $125-hourly-cap-plus-COLA EAJA statutory rate if that practitioner's prevailing market rate is greater than that statutory rate because, in this case, the $126.73-per-hour prevailing market rate for Mr. Stewart's work is clearly less than the $125-hourly-cap-plus-COLA EAJA statutory rate. *See* VBA § 403; *see also McCracken, supra*; *cf. Sandoval* and *Elcyzyn*, both *supra*. Nor do we in this case decide any more than that under VBA § 403 the rate of $126.73 per hour is a reasonable and appropriate prevailing market rate under the EAJA for Mr. Stewart's work during the pertinent time period involved in this case.

### III. Conclusion

Upon consideration of the foregoing and the parties' pleadings, the Court will grant the appellant's January 9, 2004, EAJA application in full in the amount of $4,124.76.

APPLICATION GRANTED.