# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-1400(E)

Jerome I. Apodackis, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

On Appellant's Application for Attorney Fees and Expenses

(Decided    March 16, 2005   )

*Barton F. Stichman*, *Nancy L. Foti*, *Andrew P. Reynolds*, and *James W. Stewart* (nonattorney practitioner), all of Washington, D.C., were on the pleadings for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Brian B. Rippel*, Deputy Assistant General Counsel; and *Erika E. Liem*, all of Washington, D.C., were on the pleading for the appellee.

Before IVERS, *Chief Judge*, and STEINBERG and KASOLD, *Judges*.

KASOLD, *Judge*: The appellant filed through counsel a December 18, 2003, application for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), as codified in part at 28 U.S.C. § 2412(d). For the reasons set forth below, the Court will grant the application.

## I. BACKGROUND

On December 1, 2003, the Court granted the parties' joint motion to vacate a June 2, 2003, Board of Veterans' Appeals (Board) decision that had denied the appellant's claim of entitlement to an effective date for the award of special monthly compensation prior to March 26, 1993. The joint motion was predicated on the Secretary's concession that he had failed to provide certain notice as required under section 5103(a), title 38, U.S. Code, and the matter was remanded for readjudication. The mandate of the Court was entered on that same date.

In the application pending before the Court, the appellant seeks a total of $3,126.24 in attorney fees and expenses. Application (Appl.) at 5-6. The appellant calculates the requested amount based upon (1) expenses in the amount of $36.11; (2) 0.75 hours spent by Barton Stichman, an attorney-member of the Court's bar, at a rate of $149.09 per hour; (3) 3.75 hours spent by Louis J. George, an attorney-member of the Court's bar, at a rate of $149.09 per hour; (4) 0.75 hours spent by Ron Abrams, an attorney-member of the Court's bar, at a rate of $149.09 per hour; (5) 0.75 hours spent by Nancy L. Foti, an attorney-member of the Court's bar, at a rate of $149.09 per hour; and (6) 17.25 hours, at a rate of $127.28 per hour, spent by the appellant's lead representative, James Stewart, who is a nonattorney practitioner employed by the National Veterans Legal Services Program and certified to practice before this Court under the supervision of Mr. Stichman in accordance with Rule 46(b)(1) of the Court's Rules of Practice and Procedure.

The Secretary concedes that the appellant is a "prevailing party" and that the Secretary's position was not "substantially justified." Response (Resp.) at 1. The Secretary's only dispute is with the fee for Mr. Stewart. The Secretary asserts that, instead of the requested $127.88-per-hour fee, Mr. Stewart should be awarded a $120-per-hour fee based on the Court's opinions in *Abbey v. Principi*, 17 Vet.App. 282 (2003) (holding Court empowered to award fees "in an amount determined appropriate" for the work of nonattorney practitioners; finding the $120-per-hour rate requested there appropriate for Mr. Stewart, the same nonattorney practitioner whose hourly fee is disputed here), and *Pentecost v. Principi*, 17 Vet.App. 257 (2003) (same). Resp. at 2. Principally, the Secretary argues that a cost-of-living adjustment (COLA) to increase Mr. Stewart's hourly rate above the $125 statutory cap is not available because the United States Court of Appeals for the Federal Circuit (Federal Circuit), in *Levernier Construction, Inc. v. United States*, 947 F.2d 497 (Fed. Cir. 1991), "rejected a COLA . . . [for] the statutory rate paid to paralegals." Resp. at 2.

The appellant argues that the Federal Circuit did not hold that a paralegal could never be compensated under the EAJA at a rate exceeding the statutory maximum but "actually held that a [COLA] cannot be added to the prevailing market rate for either attorneys or paralegals." Reply at 8. Alternatively, he contends that, even if the Secretary were correct in his interpretation of *Levernier*, this Court is not precluded from permitting a COLA to be applied to the statutory maximum for a nonattorney practitioner because, in accordance with section 403 of the Veterans

2

Benefits Act of 2002 (VBA), Pub. L. No. 107-330, § 403, 116 Stat. 2819, 2833, the Court is authorized "to award fees for non[]attorney practitioners 'in an amount determined appropriate by' th[e] Court."  Reply at 8-9.

## II. ANALYSIS

### A. Eligibility for Award

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F), and the Court may award such fees for the work of a nonattorney practitioner under section 403 of the VBA.  The appellant's December 18, 2003, EAJA application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and contains the following:  (1) A showing that, by virtue of the Court's remand, the appellant is a prevailing party within the meaning of the EAJA; (2) a showing that he is a party eligible for an award under the EAJA because his net worth does not exceed $2,000,000; (3) an allegation that the position of the Secretary was not substantially justified; and (4) an itemized fee statement. Accordingly, the application satisfies all EAJA "application-content specifications."  *Scarborough v. Principi*, 541 U.S. 401 (2004); *see also* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Bazalo v. West*, 150 F. 3d 1380, 1383-84 (Fed. Cir. 1998); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc).

In order to receive an EAJA award, the appellant must be a prevailing party.  *See* 28 U.S.C. § 2412(d)(1)(A) ("[C]ourt shall award to a prevailing party . . . fees and other expenses . . . ."); *Sumner v. Principi*, 15 Vet.App. 256, 260-61, 264-65 (2001) (en banc) (prevailing-party status established by award of VA benefits or a merits-stage remand predicated on court-recognized error or Secretary's concession of error), *aff'd sub nom. Vaughn v. Principi*, 336 F.3d 1351 (Fed. Cir. 2003); *Briddell v. Principi*, 16 Vet.App. 267, 271-72 (2002); *Cullens*, *supra*.  In this case, because the Court's remand was expressly predicated on the Secretary's concession of error, the Court agrees with the parties that the appellant was a prevailing party for EAJA purposes.  *See* 28 U.S.C. § 2412(d)(1)(A); *Sumner*, *supra*; *McCormick v. Principi*, 16 Vet.App. 407, 411 (2002); *Bridell*, *supra*.  Moreover, the Secretary here concedes that his position was not substantially justified and the Court need not address this issue further.  *See Cook v. Brown*, 6 Vet.App. 226, 237 (1994) (concluding that Court need not address whether Secretary's position was "substantially justified"

3

when Secretary did not assert such a defense but expressly conceded that issue), *aff'd*, 68 F.3d 447 (Fed. Cir. 1995).

Once eligibility for an EAJA award is established, the Court must review the request for its reasonableness. *See Chesser v. West*, 11 Vet.App. 497, 501 (1998) ("[I]t *is* incumbent upon the Court to permit an award only of reasonable fees.") (emphasis in original) (citing *Ussery v. Brown*, 10 Vet.App. 51, 53 (1997)); *see also* 28 U.S.C. § 2412(d) (Court award shall be of "reasonable" attorneys fees); VBA § 403 (granting Court special authority to award "reasonable" fees and expenses to nonattorney practitioners under 28 U.S.C. § 2412(d)).

## B. Reasonableness of Expenses and Attorney Fees

The applicant has presented evidence that the hourly rate requested for work performed by each of the attorneys in this matter is reasonable (*see* Appl. at 5 n.1; Appl. Exhibit (Exh.) C), and the Secretary does not contest either the hourly rate claimed for the attorneys or the expenses (*see* Secretary's Resp. at 1). *See Sandoval v. Brown*, 9 Vet.App. 177, 181 (1996) (holding that once a party seeking fees presents evidence to establish a prevailing market rate, the opposing party has the burden of producing evidence to show that market rate as erroneous). In the absence of objection by the Secretary and on review of the requested fees for the attorneys of like skill, experience, and reputation, the Court finds both the expenses and attorney fees in this case to be reasonable and at or below the prevailing market rate. *See Chesser* and *Sandoval*, both *supra*; *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (prevailing market rate is one that is in line with rates of other practitioners of reasonably comparable skill, experience, and reputation). Therefore, the only remaining issue is the appropriate EAJA fee to be paid for the work of Mr. Stewart.

## C. Reasonableness of Nonattorney-Practitioner Fees

Section 403 of the VBA authorizes the Court to award reasonable fees and expenses under section 2412(d), in an amount determined to be appropriate by this Court, for the work of a nonattorney practitioner. *See Evington v. Principi*, 18 Vet.App. 331, 334-35 (2004) (case involving Mr. Stewart, the same nonattorney practitioner whose hourly fee is at issue here). In *Evington*, the Court specifically rejected the Secretary's argument that the fees payable to a nonattorney practitioner were subject to the EAJA-statutory-rate cap (without COLA). In so holding, the Court noted its broad discretion under VBA § 403 to determine an appropriate fee for nonattorney practitioners and

made reference to a statement in *Pentecost* that such fees should not be as high as those of licensed attorneys or limited to the prevailing market rate for paralegals. *Evington*, 18 Vet.App. at 335; *see also Pentecost*, 17 Vet.App. at 260-61 (stating that the Court "cannot, in the exercise of common sense, order that nonattorney practitioners be compensated as attorneys, but neither is their compensation to be limited by the prevailing market rate for paralegals"). In *Evington*, the Court concluded that the rate of $126.73 per hour requested for services rendered by Mr. Stewart from April to December 2003 was reasonable and appropriate as the prevailing market rate for Mr. Stewart based on his reputation, skill, and other factors. *Evington*, 18 Vet.App. at 336-37. In *Wilson v. Principi*, the Federal Circuit, in discussing this Court's action in *Evington* explained:

> [T]he Court of Appeals for Veterans Claims awarded fees for work performed by Mr. Stewart after the enactment of the VBA at the rate of $126.73 per hour, an increase over the previously approved $120 rate based on the change in the Consumer Price Index during the relevant time period.

*Wilson*, 391 F.3d 1203, 1207 (Fed. Cir. 2004). *See also Elcyzyn v. Brown*, 7 Vet.App. 170, 179-81 (1994) (explaining the application of the change in the Consumer Price Index (CPI) for All Urban Consumers (CPI-U or CPI-ALL) for calculation of a fee award). Accordingly, pursuant to *Elcyzyn*, *Evington*, and *Wilson*, once a prevailing market rate is determined for the nonattorney practitioner based on a certain skill level, reputation, and geographic area, that prevailing market rate can be adjusted over time by application of the appropriate percentage increase of the change in the appropriate CPI-U. Of course, the rate ultimately approved must also be reasonable, based on numerous factors, including skill level and reputation. *See Blum*, *supra*.

In *Abbey* and *Pentecost*, both *supra*, the Court established an hourly rate of $120 for Mr. Stewart, who is a highly skilled nonattorney practitioner. The appellant suggests recognizing $120 as the prevailing market rate in the year 2001 for nonattorney practitioners of his skill level and establishing June 2001 as the base month for computing future adjustments to that prevailing market rate. Appl. Exh. D; Resp. at 1-2. The appellant suggests June 2001 as the base month, because based on application of the *Elcyzyn* formula to *Abbey* and *Pentecost,* the midpoint for work performed in those cases is May and July 2001, respectively, and June 2001 is the midpoint between those months. *See* App. Exh. D; *Elcyzyn*, *supra*; *see also Abbey* and *Pentecost*, both *supra*. The

5

Court concurs and holds that June 2001 is an appropriate base month from which future adjustments can be made to the prevailing market rate of $120 per hour for nonattorney practitioners of Mr. Stewart's skill level and reputation, practicing in the Washington, D.C., area.

In the instant case, the appellant proposes September 2003 as the midpoint for the work performed by Mr. Stewart. Given that the work was performed over the period from August to December 2003, with a joint motion filed in November 2003, and absent objection by the Secretary, the Court agrees that September is an appropriate midpoint. In September 2003, the CPI-U for the practitioner's area – Washington-Baltimore, D.C.-Maryland-Virginia-West Virginia – was 117.2. *See* CPI – Washington-Baltimore, DC-MD-VA-WV Area, *available at* http://www.bls.gov/ro3/fax_9156.htm (last modified Dec. 17, 2004). The maximum permissible hourly rate is calculated by subtracting the CPI-U for June 2001, 110.5, from the CPI-U for September 2003, 117.2. This difference, 6.7, is divided by the CPI-U for June 2001, 110.5. The resulting percentage, 6.06%, is multiplied by the prevailing market rate, $120.00, to determine the permissible increase to the prevailing market rate, $7.28. Finally, the permissible increase to the prevailing market rate, $7.28, is added to the previously determined prevailing market rate, $120.00, to determine the current prevailing market rate, $127.28, which is the maximum permissible hourly rate for a nonattorney practitioner of Mr. Stewart's skill, reputation, and geographic area, for the period in question. *See Elcyzyn*, *supra*; *see also Wilson* and *Evington*, both *supra*.

Since the prevailing market rate, as adjusted in accordance with *Wilson*, *Evington*, and *Elcyzyn*, all *supra*, is based on Mr. Stewart's skill level, reputation, and geographic area, we find that the rate of $127.28 per hour requested by the appellant for services provided by Mr. Stewart is reasonable, and the Court will award that rate for the 17.25 hours of work submitted for Mr. Stewart.

Absent unusual market influences or special circumstances, the *Abbey/Pentecost* prevailing market rate established in 2001 and applied herein using the above formula, represents effectively the presumptive high-end of the prevailing-market-rate scale for a nonattorney practitioner (given the level of Mr. Stewart's expertise, reputation, and the other factors mentioned above, and the cost of living in this geographic area) with the presumptive low end established by the rate for the attorney-supervised paralegal. *See Pentecost*, *supra*. This is not to say that an appellant might not seek and be awarded a higher rate for a nonattorney practitioner's work or that the Secretary might

not successfully seek a lesser rate.  *See Blum*, *supra*.

Application of the *Elcyzyn* formula to EAJA requests for nonattorney practitioner fees should facilitate future determinations of the applicable prevailing market rate and judicial review of the reasonableness of those EAJA requests.  *See Pierce v. Underwood*, 487 U.S. 552, 563 (1988) ("a 'request for attorney's fees should not result in a second major litigation'") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990).

## III. CONCLUSION

Upon consideration of the foregoing and the pleadings in this matter, the appellant's EAJA application is GRANTED.

APPLICATION GRANTED.