# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-3159(E)

ROBERT J. MCDONALD, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Argued April 11, 2007                    Decided    May 24, 2007    )

*Ronald L. Smith*, of Washington, D.C., for the appellant. *Zachary M. Stolz*, of Washington, D.C., also entered an appearance for the appellant.

*Richard A. Daley*, with whom *Paul J. Hutter*, Acting General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Gayle E. Strommen*, Deputy Assistant General Counsel; and *Angela Cross Green*, all of Washington, D.C., were on the pleadings for the appellee.

Before KASOLD, MOORMAN, and DAVIS, *Judges*.

DAVIS, *Judge*: This case is before the Court on the appellant's October 16, 2006, application filed through counsel for reasonable fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). In his response to the appellant's EAJA application, the Secretary challenges the hourly rate of fees proffered by the appellant. At oral argument, the Secretary also objected to the number of itemized hours for which the appellant seeks reimbursement. Panel consideration is required to determine whether a non-attorney practitioner who has been certified to practice before the Court in accordance with Rule 46(b) of this Court's Rules of Practice and Procedure (Rules) without the requirement of attorney supervision should be entitled to a prevailing market rate distinct from that of a non-attorney practitioner who has been certified to practice before

the Court with attorney supervision.[1] The Court holds that non-attorney practitioners are not per se entitled to different rates of compensation based on the difference in supervisory requirements. For the reasons set forth below, the Court will grant the application in part.

## I. BACKGROUND

Veteran Robert J. McDonald appealed from a July 18, 2005, Board of Veterans' Appeals (Board) decision denying increased ratings for multiple shell fragment wounds. While the Board decision was on appeal at this Court, the parties filed a joint motion for remand on the basis that the Board failed to fulfill its duty to assist the veteran in developing his claims. The Court granted that joint motion on October 5, 2006.

On October 16, 2006, the appellant submitted an EAJA application requesting fees in the amount of $3,735.00 and expenses in the amount of $63.00 for the work of his representative, non-attorney practitioner Landon E. Overby of the Disabled American Veterans. Specifically, the appellant requested reimbursement for 24.9 hours at "the statutory rate of $125.00 per hour," subject to cost of living adjustments (COLA), and then "voluntarily reduced" to the rate of $150.00 per hour. *See* Appellant's Application for an Award of Reasonable Fees and Expenses (EAJA App.), Affidavit of Landon E. Overby, at 4-5. Thus, he is requesting that the fee be calculated based on the statutory rate denoted for attorneys.

On November 15, 2006, the Secretary filed a response to the appellant's EAJA application contending that the fees sought by the appellant are excessive for work performed by a non-attorney practitioner. On November 29, 2006, the appellant filed a reply to the Secretary's response in which the appellant sought to justify reimbursement at the hourly rate set forth in the initial EAJA application. *See* Appellant's Reply to Appellee's Response to the EAJA App. (Reply) at 1-12. The appellant contended that Mr. Overby is entitled to a higher rate than the rate for a supervised non-attorney practitioner admitted to practice under this Court's Rules because "[t]here is no rational, objective basis upon which to differentiate between the value of services provided by Mr. Overby

---

[1]Generally, and in pertinent part, Rule 46(b) allows non-attorney practitioners to appear before this Court if they are (1) directly supervised by an attorney; or (2) employed by a veterans' service organization whose chief executive officer certifies as to the employee's competence in veterans' matters. *See* U.S. VET. APP. R. 46(b)(1), (2).

and the value of those provided by an attorney on the basis of attorney/non-attorney status for purposes of the EAJA." Reply at 2-3. Specifically, he contends that, because Mr. Overby does not require attorney supervision, is responsible for his own work, and possesses impressive qualifications and experience, the Court's precedent regarding fees for non-attorney practitioner James W. Stewart is inapplicable.[2] *See* Reply at 2-11; *see also Apodackis*, *Evington*, and *Pentecost*, all *infra*; *Abbey*, *supra* n.2. The appellant also seeks reimbursement of $400.00 for 2.5 hours of work associated with preparation of the Reply at a rate of $160.00 per hour. *See* Reply at 12, Attachment 3, Affidavit of Ronald L. Smith, at 2.

## II. ANALYSIS

### A. Eligibility

This Court has jurisdiction to award reasonable fees and expenses to non-attorney practitioners pursuant to 28 U.S.C. § 2412(d)(2)(B). *See* Veterans Benefits Act of 2002 (VBA), Pub. L. No. 107-330, § 403, 116 Stat. 2820, 2833 (2002). EAJA fees may be awarded where the application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and contains (1) a showing that the appellant is a prevailing party; (2) a showing that the appellant is a party eligible for an award because his net worth does not exceed $2,000,000; (3) an allegation that the Secretary's position was not substantially justified; and (4) an itemized statement of the fees and expenses sought. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Principi*, 541 U.S. 401, 407-08 (2004); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc). The appellant's EAJA application was timely filed and satisfies the EAJA content requirements. *See id.* The Secretary makes no argument with respect to prevailing-party status or whether the Secretary's position was substantially justified. The Secretary disputes the hourly fee and number of itemized hours for which the appellant seeks reimbursement.

---

[2]Mr. Stewart is a senior paralegal certified to practice before the Court under the supervision of an attorney in accordance with Rule 46(b)(1) of this Court's Rules. *See Abbey v. Principi*, 17 Vet.App. 282, 284 (2003). Mr. Overby is certified to practice in accordance with Rule 46(b)(2) without attorney supervision. *See* Reply at 2-3.

B. Reasonableness of Hourly Rate

*1. Prevailing Market Rate Versus Attorney-Fee Statutory Maximum*

"'[T]he EAJA authorizes the award of the lower of either the prevailing market rate or [the statutory maximum] plus a COLA or other enhancement.'" *Elcyzyn v. Brown*, 7 Vet.App. 170, 179 (1994) (quoting *Levernier Const., Inc. v. United States*, 947 F.2d 497 (Fed. Cir. 1991)). Fees for attorneys are statutorily capped at the rate of $125.00 per hour plus a COLA. *See* Contract with America Advancement Act of 1996, Pub. L. No. 104-121, § 232, 110 Stat. 841, 863 (1996) (codified at 28 U.S.C. § 2412(d)(2)(A)). There is no such cap on the award of fees for non-attorney practitioners. In that regard, the Court has discretion to award fees "'in an amount determined appropriate.'" *Abbey*, 17 Vet.App. at 290 (quoting VBA § 403); *see also Chesser v. West*, 11 Vet.App. 497, 501-02 (1998) ("The Court has wide discretion in the award of attorney fees under the EAJA.").

The appellant asserts that Mr. Overby's services are indistinguishable from those of an attorney, and, therefore, he is entitled to the statutory rate for attorneys plus a COLA.[3] However, our caselaw and legislative history make clear that non-attorney practitioners are not attorneys and cannot be compensated as such. *See Pentecost v. Principi*, 17 Vet.App. 257, 260-61 (2003) ("We cannot, in the exercise of common sense, order that non-attorney practitioners be compensated as attorneys."). Indeed, the Court has repeatedly drawn a distinction between attorneys and non-attorney practitioners, and we will continue to do so here. *See id.*; *Evington v. Principi*, 18 Vet.App. 331, 336 (2004) (reasoning that non-attorney practioners are more akin to attorneys than paralegals, but generally, "nonattorney practitioners are not the equivalent of attorneys"); *see also Apodackis v. Nicholson*, 19 Vet.App. 91, 94-95 (2005); *Abbey*, 17 Vet.App. at 291 ("'The Committees [on Veterans' Affairs] expect that in determining the amount of reasonable fees payable to non[-]attorney practitioners, the Court will apply the usual rules applicable to fees for the work of other non[-]attorneys such as paralegals and law students.'" (quoting 148 CONG. REC. S11,338 (daily ed. Feb. 18, 2002); 148 CONG. REC. H9006-07 (daily ed. Feb. 14, 2002))). Instead, the Court will assess the

---

[3]Calculating the hourly rate set forth in his initial application as $125.00 per hour subject to COLA, the appellant determined that the maximum rate statutorily available to him was $163.37 per hour (which he arbitrarily calculated based on the highest Consumer Price Index for All Urban Consumers (CPI-U) in the Washington-Baltimore area in 2006) but then inexplicably "voluntarily reduced" that amount to $150.00 per hour. *See* Reply at 11.

reasonableness of fees based on the prevailing market rate for non-attorney practitioners. *See id.* (noting that the Committee on Veterans' Affairs expected the work of non-attorney practitioners to be determined "based upon the prevailing market rates for the kind and quality of the services furnished").

### 2. *Prevailing Market Rate for Non-Attorney Practitioners*

Given that Mr. Overby will not be compensated at the same rate as an attorney, it is incumbent upon the Court to determine the prevailing market rate for his services. The appellant submits that Mr. Overby is not subject to the $120.00 per hour plus COLA established in the line of cases involving Mr. Stewart because Mr. Stewart is supervised by an attorney and Mr. Overby is not. *See* Reply at 8. Even though Mr. Overby, unlike Mr. Stewart, practices before this Court independent from attorney oversight, we find such a distinction insufficient to distinguish this Court's precedent as it relates to supervised non-attorney practitioners.

Although the Rule 46(b) sets forth separate requirements for supervised and unsupervised non-attorney practitioners, it is apparent that, based on a tradition of representation established prior to the formation of the veterans bar, Congress intended to eliminate the attorney supervision requirement for non-attorney practitioners admitted to practice under Rule 46(b)(2) without any implication that such practitioners have greater expertise than their Rule 46(b)(1) counterparts. The legislative history of the VBA suggests that Congress intended to allow certain practitioners to collect EAJA fees after representing veterans without attorney supervision based on a tradition of veterans service organization (VSO) non-attorney representatives advocating on the behalf of veterans. This Court has noted that the "congressional intent underlying [section 403 of the VBA] was to eliminate the attorney-sign-off requirement for EAJA applications to be submitted by an otherwise unsupervised VSO-employed non[-]attorney practitioner." *Abbey*, 17 Vet.App. at 293. In its discussion of the legislative history of the VBA, the Court in *Pentecost* referred to a Senate committee report, which provided:

> Based upon a long-standing limitation on paying attorney fees in veterans' benefits cases, there had not been an active veterans' bar until the enactment of the Veterans Judicial Review Act, Public Law 100-527. As a result, non-attorney volunteers and employees of [VSOs] and other non-profit organizations began to represent veteran claimants before VA without direct supervision by an attorney. VA policy has never

5

required that these representatives be attorneys, only that they be credentialed by a VA-recognized VSO.

*Pentecost*, 17 Vet.App. at 259 (citing S. Rep. No. 107-234, at 19 (2001)). Further, in *Abbey*, this Court noted that the stated purpose of the VBA was that "unsupervised non[-]attorneys [would] be given access to fee compensation under the EAJA [, which would allow] veterans organizations to represent even more veterans." *Abbey*, 17 Vet.App. at 293 (citing 148 Cong. Rec. S2416 (daily ed. Apr. 9, 2002) (statement of Senator Rockefeller)). Based on the foregoing, the Court holds that the mere fact that Mr. Overby acts without attorney supervision is not a basis for entitlement to an hourly prevailing market rate higher than a supervised non-attorney practitioner for purposes of EAJA.

Consequently, although the appellant urges us to determine that, because his representative is unsupervised, he is entitled to an hourly rate of $125.00 plus a COLA, as opposed to the hourly rate of $120.00 plus a COLA previously established by this Court for a highly qualified non-attorney practitioner, we will decline to adopt a separate presumptive high-end prevailing market rate for Mr. Overby. Whether a non-attorney practitioner has been admitted to practice before this Court under Rule 46(b)(1) or 46(b)(2) is not a factor for consideration in awarding reasonable EAJA fees. Instead, the Court will look to the individual non-attorney practitioner's skill and experience in determining an appropriate fee. *See Wilson v. Principi*, 391 F.3d 1203, 1207 (Fed. Cir. 2004) (noting that the Court can consider the "particular non-attorney practitioner's level of experience and expertise when determining a reasonable and appropriate fee"); *Abbey*, 17 Vet.App. at 292 ("Recognizing that the skill and experience of both supervised and unsupervised non-attorney practitioners admitted to practice in this Court may be exceptional, the Court will consider these factors for determining reasonable fees for these practitioners.").

Mr. Overby, despite his unique role in representing veterans before this Court, is not an attorney and is not entitled to be compensated at the $125.00 per hour statutory cap for attorney fees. He is, however, a non-attorney practitioner, and we will use our precedent as guidance in determining an appropriate fee. The Court has already established–and we reiterate here–that the presumptive high-end prevailing market rate for highly qualified non-attorney practitioners (not

6

simply highly qualified paralegals) is $120.00 per hour with the COLA as described in *Apodackis*.[4] *See Apodackis*, 19 Vet.App. at 96 ("[The] prevailing market rate established in 2001 . . . represents effectively the presumptive high-end of the prevailing-market-rate scale for a non[-]attorney practitioner . . . ."). Pages of affidavits from and about Mr. Overby were submitted to this Court to persuade us of his qualifications and expertise. Because Mr. Overby is a highly-qualified non-attorney practitioner, the Court will award fees accordingly at a rate of $120.00 per hour. The Court observes that not all non-attorney practitioners will be entitled to EAJA fees at the rate of $120.00 per hour; however, using that amount as guidance, in the future, single Judges of this Court will exercise their discretion to determine whether the particular non-attorney practitioner's skill, experience, and expertise warrant that or a lesser amount. *Cf. Pentecost*, 17 Vet.App. at 261 ("The Court notes that not all non-attorney practitioners would possess Mr. Stewart's impressive credentials and thus, in other cases, a $120 per hour rate may not be reasonable or appropriate under VBA section 403.").

Here, the appellant asserted at oral argument, and the Secretary did not contest, that March 2006 is an appropriate month to designate as the midpoint of the litigation.[5] The CPI-U for the Washington, D.C. area for that month was 126.8. *See* CPI-Washington-Baltimore, DC-MD-VA-WV Area*, available at* http://www.bls.gov/ro3/fax_9156.htm. Using the formula established in *Apodackis*, Mr. Overby is entitled to recover fees at the rate of $137.70 per hour.

---

[4]In *Apodackis,* this Court established June 2001 as the base month for computing adjustments to the $120 per hour prevailing market rate. Therefore, COLA for non-attorney practitioners is calculated by subtracting the CPI-U for June 2001, 110.5, from the CPI-U in the relevant market area for the midpoint of the litigation. The difference is then divided by 110.5. The resulting percentage is multiplied by the prevailing market rate. *See Apodackis*, 19 Vet.App. at 95.

[5]Generally, the midpoint of the litigation is "the date upon which an appellant's principal brief, motion, or petition is filed with the Court." *Elcyzyn v. Brown*, 7 Vet.App. 170, 181 (1994). In cases, such as here, where the case was remanded prior to filing of the briefs, the midpoint is the middle month between which the majority of work was performed. *See*, *e.g. Apodackis*, 19 Vet.App. at 95. Where the midpoint of the litigation falls on a month where there is no corresponding CPI-U, CPI-U is calculated by averaging the CPI-U between the month prior and the month after the midpoint and rounding the average to the nearest tenth. *See*, *e.g. id.*

## C. Fees Requested

Having determined the appropriate hourly rate for Mr. Overby, the Court must determine whether the fees requested here are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Teten v. Principi*, 16 Vet.App. 112, 118 (2002); *Perry v. West*, 11 Vet.App. 319, 327 (1998). "The Court has wide discretion in the award of attorney fees under the EAJA." *Chesser*, 11 Vet.App. at 501(citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Chiu v. United States*, 948 F.2d 711, 713 (Fed. Cir. 2001); and *Vidal v. Brown*, 8 Vet.App. 488, 493 (1996)); *Evington*, 18 Vet.App. at 334; *Abbey*, 17 Vet.App. at 290. "[T]he 'product of reasonable hours times a reasonable rate' normally provides a 'reasonable' attorney's fee." *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (quoting *Hensley*, 461 U.S. at 433); *Abbey*, 17 Vet.App. at 290. In determining reasonableness, the Court will consider whether the hours claimed are (1) unreasonable on their face; (2) otherwise contraindicated by the factors for determining reasonableness itemized in *Hensley*, 461 U.S. at 430 n.3, or *Ussery v. Brown*, 10 Vet.App. 51, 53 (1997); or (3) persuasively opposed by the Secretary. *See Chesser*, 11 Vet.App. at 502.

The itemization in the EAJA application reflects, inter alia, 0.2 hours for "[writing] to client"; 0.3 hours for "[r]eview[ing] Court's notice of docketing"; 0.6 hours for "[r]eview[ing] litigation file. Telephone conversations with VA counsel"; 0.3 hours for "[f]ax[ing] materials to VA counsel"; and several other entries for "[t]elephone call to VA counsel." *See* EAJA Application, Affidavit at 2-4. The Court has reviewed each of the 29 entries on Mr. Overby's itemized statement and concludes that the information provided regarding several tasks is too vague and lacking in detail to permit effective review of the application. For example, in describing his review of the record, telephone calls to VA, and correspondence with the appellant, he has not adequately identified the purpose of these activities. Accordingly, the Court will reduce the appellant's billable hours by 2.0. *See Baldridge v. Nicholson*, 19 Vet.App. 227, 235 (2005) (noting that, for EAJA fees "to be awarded in full, an applicant must submit evidence of hours worked in the form of a billing statement that is specific and detailed"). The Court thus will award the appellant EAJA fees in the amount of $3,216.33 with respect to the requested reimbursement of fees and expenses as set forth in his initial application (22.7 hours of work multiplied by the hourly rate of $137.70 plus $63.00 in expenses).

The Secretary urges this Court to disallow all fees requested for preparation of the EAJA application because the appellant failed to provide support for the fee requested. *See* Appellee's Response to EAJA App. at 9. The appellant seeks $375.00 for 2.5 hours of attorneys fees for preparation of the EAJA application and affidavit at a rate of $150.00 per hour, and $400.00 for reimbursement of 2.5 hours of attorney fees associated with preparation of the Reply at a rate of $160.00 per hour.[6] *See* EAJA App. Affidavit of Landon E. Overby, at 4; Reply at 12, Attachment 3, Affidavit of Ronald L. Smith, at 2. We do not find the time spent in preparation of the EAJA application and affidavit unreasonable, but agree that an award of fees in preparation of the Reply is unwarranted here because the initial EAJA application provided no justification for the seemingly arbitrary hourly fee requested. *See Scarborough v. Nicholson*, 19 Vet.App. 253, 266 (2005). In this regard, the Court will deny fees for the 2.5 hours requested for preparation of the Reply. Accordingly, the Court will grant the appellant's EAJA application for fees and expenses in the reduced amount of $3,216.33.

### III. CONCLUSION

Upon consideration of the foregoing, the appellant's EAJA application is GRANTED IN PART in the amount of $3,216.33.

---

[6]The appellant appears to have calculated this rate based on a COLA added to an undetermined hourly base rate.